NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Appellee,

v.

RICHARD NUWINTORE,

Appellant.

No.    19-15486

D.C. No. 2:07-cr-00139-WBS-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted May 15, 2020
San Francisco, California

Before:  R. NELSON and BRESS, Circuit Judges, and BLOCK,** District Judge.

Richard Nuwintore seeks coram nobis relief from his 2011 conviction for credit-card fraud with associated losses of approximately $13,000 on the ground that his guilty plea was induced by ineffective assistance of trial counsel.  In a prior

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

appeal, a divided Ninth Circuit panel found that Nuwintore plausibly alleged two theories of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), and remanded his petition to the district court for further consideration and an evidentiary hearing. Nuwintore now appeals the district court's factual findings on remand, and its consequent denial of Nuwintore's amended petition for writ of coram nobis. We have jurisdiction under 28 U.S.C. § 1291 and review factual findings for clear error. *United States v. Span*, 75 F.3d 1383, 1386 (9th Cir. 1996).

1. This Circuit's prior decision found Nuwintore plausibly alleged ineffective assistance insofar as his counsel (i) "fail[ed] to apprise Nuwintore that he would not be subject to automatic removal if he pleaded guilty to a loss of less than $10,000," or (ii) "neglect[ed] to mention that even though Nuwintore might avoid actual removal, he would be charged with removability and suffer a loss of his asylum status." Mem. Op. at 2, *United States v. Nuwintore*, No. 15-16796 (9th Cir. May 23, 2017).

2. On remand, the district court adopted the magistrate judge's findings and recommendations in full. The district court determined that Nuwintore's trial counsel "accurately relayed" that "admitting a loss above $10,000 would result in deportation, and admitting a loss below $10,000 would not." This finding is not clearly erroneous because we are not "left with a definite and firm conviction that a mistake has been committed," *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir.

2013) (internal quotation omitted). The district court found credible trial counsel's testimony at the evidentiary hearing (i) that "a lot of" the "discussions [with Nuwintore] involved" the "$10,000 aggravated felony" threshold; (ii) that trial counsel "believe[d]" he advised Nuwintore could "avoid the mandatory deportation consequence" by accepting a sub-$10,000 plea deal; and (iii) that trial counsel "can't believe [he] wouldn't" have advised Nuwintore that losses less than $10,000 meant avoiding mandatory removal. Furthermore, Nuwintore testified he knew from trial counsel's pre-plea advice that the $10,000-threshold was "very important" to avoiding mandatory removal and that he understood "I'll be deported just because the loss amount was over $10,000." Finding no clear error, we need not address whether Nuwintore has shown prejudice. *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.").

3. As to the loss of asylum, the district court correctly found that Nuwintore did not "develop an evidentiary basis" to support a finding of either deficient performance or prejudice under *Strickland*.

**AFFIRMED.**

3